UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN HILL,

         Plaintiff,

   -against-

NATIONAL ACTION FINANCIAL SERVICES

         Defendant

**VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Kevin Hill ("Plaintiff"), by and through his attorneys, Krohn & Moss, Ltd., for her Verified Complaint against Defendant, National Action Financial Services ("Defendant"), alleges as follows:

Nature of the Action

1.    This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Parties

2.    Plaintiff is a natural person residing in the Easton, Northampton County, Pennsylvania.

3.    Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.    Defendant is a New York company having its principal place of business located in Williamsville, Erie County, New York.

5.    Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6.    Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8.  Because Defendant conducts business and is principally located in the state of New York, personal jurisdiction is established

9.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Plaintiff does not owe alleged debt.

13. Defendant called from 866-529-1885 and "unknown" numbers.

14. Defendant called Plaintiff at 908-419-5062 and 610-923-0243.

15. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered the phone.

16. Defendant left a voicemail message on Plaintiff's home answering machine that stated that the call is from a debt collector. (See transcribed voicemail message attached as Exhibit A.)

17. Plaintiff's friend, Marion Faust overheard the message where Defendant is collecting a debt, thereby disclosing to third parties that Plaintiff owes a debt. (See third party statement from Ms. Faust attached as Exhibit B.)

18. Defendant failed to mail to Plaintiff a written letter describing Plaintiff's rights with respect to the alleged debt in controversy within five (5) days after Defendant's initial communication with Plaintiff.

## CLAIM FOR RELIEF

19. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated *§1692b(2)* of the FDCPA because Defendant contacted a Third Party and disclosed that Plaintiff owes a debt, by leaving a voicemail message that states caller is a debt collector.

   b. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiffs.

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiffs repeatedly and continuously with the intent to annoy, abuse, and harass.

   d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   e. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiffs' debt because Plaintiffs do not owe the money Defendant is attempting to collect.

   f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Plaintiffs do not owe the money Defendant is attempting to collect.

   g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in

an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

i. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiffs do not owe the money Defendant is attempting to collect.

j. Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

4

Case 1:09-cv-00449-RJA   Document 1   Filed 05/08/2009   Page 5 of 12

20. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. *See* Exhibit C hereto.

21. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

22. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2) Actual damages

(3) Statutory damages pursuant to 15 U.S.C. § 1692k

(4) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated:	April 27, 2009

    KROHN & MOSS, LTD.
By: __/s/ Adam T. Hill_____
    Adam T. Hill
    KROHN & MOSS, LTD.
    120 W. Madison St., 10th Fl.
    Chicago, Illinois 60602
    Telephone: 312-578-9428
    Telefax: 866-802-0021
    ahill@consumerlawcenter.com
    Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Kevin Hill, hereby demands a jury trial in this matter.

5

## VERIFICATION

STATE OF PENNSYLVANIA    )
                         :ss.:

Plaintiff, KEVIN HILL, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KEVIN HILL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: April 28, 2009
       _____Kevin A. Hill_____
               Kevin Hill

# EXHIBIT A

We have tried to reach you on several occasions. Unfortunately, we have not made contact. Due to the sensitive nature of this call, I cannot disclose any additional information in this format. Contact Mr. Merrin at 1-866-529-1885. This is a call from the debt collector. Again call Mr. Merrin at 1-866-529-1885.

# EXHIBIT B

To whom it may concern,

   I Marian Faust, girlfriend of Kevin Hill overheard the phone message from Accounts receivable management, regarding Debt Collection.

Respectfully Yours,
Marian Faust

# EXHIBIT C

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — YES (NO)
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — YES (NO)
7. Chest pains — YES (NO)
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — YES (NO)
10. Appetite and/or weight loss or overeating and weight gain — YES (NO)
11. Thoughts of death, suicide or suicide attempts — YES (NO)
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — (YES) NO
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _Anger, Harassment, For Something I have not done._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _April 24, 2009_            _Ken A Hill_
                                    Signed Name

                                    _Kevin A. Hill_
                                    Printed Name